652 A.2d 250

BERNARD AND BERTHA HALFOND, PLAINTIFFS–APPEL-
LANTS, v. COUNTY OF BERGEN AND BOROUGH OF
HAWORTH, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 23, 1995—Decided February 8, 1995.

Before Judges DREIER and WEFING.

*Isabelle R. Strauss,* attorney for appellants (*Ms. Strauss,* on the letter brief).

*Murshell Johnson Bland,* County Counsel, attorney for respondent County of Bergen (*Barbara H. Parker,* Assistant County Counsel, on the letter brief).

*DeCotiis, Fitzpatrick & Gluck,* attorneys for respondent Borough of Haworth (*Judy A. Verrone,* on the letter brief).

PER CURIAM

Plaintiffs in this matter filed a complaint in the Superior Court, Law Division, which alleged defendants violated 42 *U.S.C.* § 1983 and sought, among other relief, damages and counsel fees. Plaintiffs filed this action during the pendency of proceedings brought by defendant Borough of Haworth under *N.J.S.A.* 4:19–17 *et seq.* to declare vicious an Akita dog named Taro, allegedly owned by plaintiffs and previously owned by plaintiffs' daughter and her family. During those proceedings, Taro was held by defendant County of Bergen (Bergen) who would not advise the Halfonds of the dog's location. Bergen took that position since Taro had disappeared under suspicious circumstances from the Bergen County Animal Shelter where it was previously being held.

The circumstances of Taro's disappearance from that Shelter have not been completely established, but it is undisputed that Taro somehow found his way from the Animal Shelter to the Halfonds' residence in the Bronx. He then disappeared from the Halfonds' residence and in some manner made his way from the Bronx to Larchmont where the parents of the Halfonds' son-in-law, the Lehrers, lived. The Halfonds' daughter, Sandra Lehrer, was subsequently charged with removing Taro from the Shelter and attempted bribery of a Shelter employee. She was thereafter admitted into PTI.

After Bergen County recovered Taro from the Lehrers, it would not tell the Halfonds, Taro's purported owners, where he was. That refusal led the Halfonds to file their complaint.

The Halfonds' complaint is stamped filed March 1, 1991. On February 25, 1991, three days before the complaint was filed, an order was entered in this matter which directed Bergen to file a certification of Taro's health and physical condition. Taro was subsequently made available for examination by plaintiffs' expert on animal behavior to prepare for the hearing on the issue of whether Taro was vicious under *N.J.S.A.* 4:19–17.

Despite the certification provided to the Halfonds of Taro's physical condition, and despite the fact that Taro was made available to their expert, the Halfonds continued the action. Ultimately, it was dismissed on motions for summary judgment brought by defendants who then filed applications for counsel fees under the Frivolous Claims Act, *N.J.S.A.* 2A:15–59.1. The trial court granted defendants' applications for fees under the statute and this court affirmed the order on October 19, 1993. Plaintiffs petitioned the Supreme Court for certification; the Supreme Court granted their petition and summarily remanded the matter to the trial court for reconsideration in light of *McKeown–Brand v. Trump Castle Hotel & Casino*, 132 *N.J.* 546, 626 *A.*2d 425 (1993), in which the Supreme Court concluded counsel fees could not be awarded under the Frivolous Claims Act against a non-prevailing party who relied in good faith on the advice of counsel in asserting a worthless claim. On remand, the trial court again concluded counsel fees were appropriate. This appeal followed.

The trial court in this matter issued two letter opinions. The first was dated September 2, 1992 and the second, following the remand, dated May 17, 1994. In its first letter opinion, the trial court concluded plaintiffs' complaint was "without a reasonable basis in law" and that their "actions throughout ... (these) proceedings (were) highly denotative of bad faith."

*N.J.S.A.* 2A:15–59.1 sets forth a two-prong test to determine whether an action is frivolous. The first prong is whether the litigation was "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury;" the second is whether the non-prevailing parties (in this case, the Halfonds) knew, or should have known "that the pleading was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

We interpret the trial court's first letter opinion to reflect a conclusion that defendants were entitled to counsel fees under both prongs of the statute. The Supreme Court concluded in

*McKeown–Brand, supra,* that counsel fees could not be assessed under the second prong against a non-prevailing party who in good faith relied on an attorney's advice. We think the trial court's finding that plaintiffs acted in bad faith is, in the combination of circumstances presented here, amply supported by the record. As such, it is not subject to re-examination by this court. *Rova Farms Resort, Inc. v. Investors Co.,* 65 *N.J.* 474, 489, 323 *A.*2d 495 (1974).

Plaintiffs' complaint, dated February 27, 1991 and marked filed March 1, 1991, alleged only that their inability to ascertain Taro's location or condition "violated their constitutional rights in contravention of 42 *U.S.C.* § 1983." Yet, by that date, plaintiffs had received the information they sought. Despite that, plaintiffs' complaint was filed and defendants were compelled to file two motions for summary judgment.

We do not believe that, under the circumstances, plaintiffs should be entitled to escape the statute's ambit by asserting reliance upon counsel's advice. We reach this conclusion for several reasons. First, plaintiff Bernard Halfond is, himself, an attorney. An affidavit stated Mr. Halfond was unfamiliar with actions brought under 42 *U.S.C.* § 1983 and unfamiliar with laws dealing with animals and relied upon the advice of the attorney who brought the action. This, however, was not an affidavit by Mr. Halfond but an affidavit by his attorney; it was thus incompetent to establish he relied on counsel's advice in instituting or pursuing this action.

Further, we note the chronology of events in this matter. Bernard Halfond submitted a certification dated May 3, 1991, which stated that on February 21, 1991, he was informed of Taro's health and physical condition and that on February 26, 1991, he was informed where Taro was being held. The complaint asserting to the contrary was filed March 1, 1991.

To conclude defendants are not entitled to an award under *N.J.S.A.* 2A:15–59.1 would, in our view, completely eviscerate this

statute. We note, in conclusion, that the only fees sought relate to this particular litigation. No fees were sought nor awarded for services in connection with the proceedings under *N.J.S.A.* 4:19–17 *et seq.*

Affirmed.